# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**12-56**


WESLEY PETER ROZAS

VERSUS

STATE OF LOUISIANA , THROUGH THE DEPARTMENT
OF PUBLIC SAFETY & CORRECTIONS, OFFICE OF
MOTOR VEHICLES


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-7084-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## SHANNON J. GREMILLION
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**



**Laura C. Hopes**
**Attorney at Law**
**P. O. Box 66614**
**Baton Rouge, LA 70896**
**(225) 925-4404**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**State of Louisiana, through the Department of Public Safety and**
**Corrections, Office of Motor Vehicles**

**Wesley Peter Rozas**
**In Proper Person**
**P. O. Box 983**
**Cottonport, LA 71327**

**GREMILLION, Judge.**

The State of Louisiana, through the Department of Public Safety and Corrections, Office of Motor Vehicles (OMV), appeals the judgment of the trial court ordering that it reinstate the Class E driver's license of Wesley Peter Rozas. For the reasons that follow, we affirm.

## FACTS

Rozas was arrested in August 2009 for operating a vehicle while intoxicated in violation of La.R.S. 14:98. His blood alcohol concentration (BAC) at the time of the arrest was registered as .08g%, which is the limit at which one is presumed intoxicated. La.R.S. 14:98(A)(1)(b). This was the second occasion within five years Rozas had tested at .08g%. As a result, Rozas's Class E driver's license was suspended pursuant to La.R.S. 32:667(B)(1)(b), which requires the suspension of a license for 365 days when that driver has tested a BAC of .08g% twice within five years.

Rozas instituted judicial review proceedings in the Twelfth Judicial District Court. His suspension was stayed pending outcome of the judicial review. On January 8, 2010, Rozas and OMV entered a stipulated judgment whereby OMV agreed to issue Rozas a restricted driver's license, and Rozas agreed to install an ignition interlock device on his vehicle, which Rozas did.[1] Rozas also agreed to dismiss his action for judicial review upon issuance of the restricted driver's license, but never actually received the restricted license from OMV. He testified that he went to the Marksville OMV location but was told that they did not issue restricted licenses. Therefore, he carried the judgment with him when he drove.

---

[1] The restricted license is a grant of restricted driving privileges pursuant to La.R.S. 32:415.1. and only allows the driver to operate a motor vehicle "as would enable him to earn his livelihood. . ." *Id.*

Rozas obtained a full reinstatement of his license on January 24, 2011. The license carried no restriction requiring an interlock. On January 27, 2011, Rozas had the interlock removed.

The State forwarded notice to Rozas that a condition of his reinstatement was maintaining an interlock for one year after reinstatement. Because Rozas removed the interlock, the State suspended his license. Rozas filed a motion for appeal of the suspension with the district court. That motion was heard on October 31, 2011. The trial court found that Rozas had entered into an agreement with the State and that he had fulfilled his obligations under the agreement. While the State showed that it mailed notices of the requirement that Rozas maintain the interlock for an additional 365 days, those notices were mailed to Rozas's physical address, where Rozas testified he never receives mail and has no mail receptacle. The trial court found credible Rozas's testimony that he never received those notices. Rozas testified that he learned that he was still required to have an interlock one day as he was en route to work in Galliano, Louisiana, and was stopped by police for driving 37 in a 25-mile-per-hour zone. The police officer who pulled him over informed Rozas that he was required to have an interlock. Because Rozas entered a valid agreement with the State and fulfilled all requirements of the agreement, the trial court ordered Rozas's license reinstated.

The State appeals and assigns as error the trial court's action in giving Rozas credit for the time he maintained the interlock device on his vehicle despite his failure to apply for and maintain a restricted driver's license for 365 days.

**ANALYSIS**

As we have already noted, the suspension of a driver's license for testing a BAC .08g% or higher is governed by La.R.S. 32:667. Subsection (B)(1)(b) provides that on a driver's second such test within five years, his license shall be

2

suspended for 365 days without eligibility for a restricted license.[2] A driver whose BAC was less than .20g% is eligible for a restricted license upon furnishing proof that he has installed an interlock, and should OMV refuse to issue him one, he may obtain an ex parte court order requiring OMV to issue him one. La.R.S. 32:667(B)(3)(a).

Subsection (I) governs the installation of interlocks. Any driver whose BAC has tested .08g% or above within five years shall have an interlock installed as a condition of the reinstatement of his license. La.R.S. 32:667(I)(1)(b). The specific provision OMV maintains is at issue in this case is La.R.S. 32:667(I)(2) (emphasis added), which states:

> (2) As to any person enumerated in Paragraph (1) of this Subsection, the ignition interlock device shall remain on the motor vehicle for a period of not less than six months. The ignition interlock device may be installed either prior to the reinstatement of the driver's license, if the person has lawfully obtained a restricted driver's license, or as a condition of the reinstatement of the driver's license. When the driver's license is suspended as described in this Subsection, the ignition interlock device shall remain on the motor vehicle for the same period as the suspension, *with credit for time when the interlock device was installed and functioning as part of a restricted driver's license.*

The State maintains that because Rozas never received his restricted license, the 365-day interlock period never started. The language of the statute does seem to require the actual issuance of a restricted license.

However, this case does not involve the interpretation of the statutes governing an interlock; rather, it is a matter of interpreting the stipulated judgment, the agreement entered in open court by OMV and Rozas and reduced to a written judgment of the Twelfth Judicial District Court. The plain language of the agreement between Rozas and OMV required OMV to issue Rozas a restricted

---

[2] If the driver's BAC is .20g% or higher, the suspension is two years for a first violation and four years for a second. La.R.S. 32:667(B)(1)(c).

license.  That language implies more than a passive duty on OMV's part to allow Rozas to obtain a restricted license when he happened to be directed to the appropriate OMV office that in fact does issue restricted licenses.  The agreement clearly and unequivocally contemplates that Rozas was required to maintain an interlock on his vehicle for 365 days, after which he was to be issued an unrestricted driver's license if he committed no further infractions.  No evidence suggests that Rozas did anything but live up to his obligations under that judgment.  OMV failed to honor the judgment in several respect:  in not issuing Rozas the restricted license; in issuing him an unrestricted license and suspending it three days later; in opposing his action for judicial review; and in appealing the judgment enforcing the stipulation.

The judgment of the trial court is affirmed.  All costs of these proceedings, in the amount of $280.00, are taxed to the State of Louisiana through the Department of Public Safety and Corrections, Office of Motor Vehicles.

**AFFIRMED.**